JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal by Emmitt Jackson from a verdict, following a bench trial before Cleveland Heights Municipal Court Judge A. Deane Buchanan, finding him guilty of menacing.[1] He claims the judge lacked jurisdiction because his jury waiver was not made knowingly, intelligently, or voluntarily. We affirm.
 {¶ 2} From the record we glean the following: While checking out his purchases at the Home Depot, Jackson took offense from the conduct of the assistant store manager and, apparently, raised his voice, backed the manager into a stack of pallets and threatened him. A complaint was filed and an arrest warrant issued. When Jackson appeared in court he signed an affidavit of indigency, a speedy trial waiver, and a statement of rights that advised him, among others, that he had the right to a jury trial in serious offenses, but had to make a written request for a jury for a petty offense. An attorney was appointed to represent him, no jury demand was made, and the matter was tried to the judge. Jackson was found guilty, fined $250 with $200 suspended, sentenced to thirty days in jail with twenty-seven days suspended, ordered to pay costs, and placed on one year inactive probation.[2]
 {¶ 3} Jackson's sole assignment of error, set forth in Appendix A, challenges the validity of a jury waiver. R.C. 1901.24 provides:
"(A) A jury trial in a municipal court shall be demanded in the mannerprescribed in the Rules of Civil Procedure or the Rules of CriminalProcedure.
 (B) The right of a person to a jury trial in a municipal court iswaived under the circumstances prescribed in the Rules of Civil Procedureor the Rules of Criminal Procedure."
Menacing is a petty offense, as defined by Crim.R. 2:
"* * *
(C) `Serious offense' means any felony, and any misdemeanor for whichthe penalty prescribed by law includes confinement for more than sixmonths.
 (D) `Petty offense' means a misdemeanor other than a serious offense."
 {¶ 4} In State v. Fish,[3] the court outlined the differences between a serious offense versus a petty offense as it applies to a jury trial, holding:
"In a `serious' offense case, the right to a jury is automatic,requiring no act by the defendant to demand it, and requiring anaffirmative written document to waive it. However, where, as here, thecharge involved is a `petty' offense (one with a penalty of six months'incarceration or less), a defendant must file a written jury demand to[*239] avoid a waiver under Crim.R. 23(A)."
 {¶ 5} Crim. R. 23(A) states in relevant part:
"In petty offense cases, where there is a right of a jury trial, thedefendant shall be tried by the court unless he demands a jury trial.Such a demand must be made in writing and filed with the clerk of courtnot less than ten days prior to the date set for trial, or on or beforethe third day following receipt of notice of the date set for trial,whichever is later."
 {¶ 6} The record reflects that, although represented by a lawyer, Jackson failed to file a written request for a jury trial at any time during the proceedings.
 {¶ 7} Jackson, however, contends that, under R.C. 2945.05, he was entitled to a jury trial and, unless he waived it in writing in open court, which he did not, the verdict must be set aside. While we agree that a conviction for menacing can result in incarceration, and a defendant's right to be tried before a jury is guaranteed by the Ohio Constitution and statute:[4]
 "[t[he guarantee of a jury trial in criminal cases * * * is not anabsolute and unrestricted right in Ohio with respect to misdemeanors, anda statute, ordinance, or authorized rule of court may validly conditionthe right to a jury trial in such a case on a written demand therefore* * *."[5]
 {¶ 8} Had a written jury demand been made, only a written waiver, knowingly, voluntarily and intelligently made, would have permitted the judge to determine the verdict. Since Jackson failed to exercise his right to a trial by jury, it was waived.[6] This assignment of error lacks merit.
 {¶ 9} The judgment is affirmed.
Judgment affirmed.
 APPENDIX A: APPELLANT'S ASSIGNMENT OF ERROR
"I. The trial court was without jurisdiction to conduct a bench trial because the appellant's jury waiver was not made knowingly, intelligently or voluntarily, nor was it made in open court."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Heights Municipal Court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James D. Sweeney,* J., and Sean C. Gallagher, J., Concur.
[1] R.C. 2903.22(A), a 4th degree misdemeanor.
[2] May 12, 2003.
[3] (1995), 104 Ohio App.3d 236, 661 N.E.2d 788.
[4] Sec. 10, Art. I and R.C. 2945.17.
[5] Mentor v. Giordano (1967), 9 Ohio St.2d 140, 224 N.E.2d 343
syllabus 1.
[6] Id.; Beachwood v. Russell (Dec. 16, 1993), Cuyahoga App. No. 64291.
* Sitting by assignment: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.)