JOURNAL ENTRY and OPINION
{¶ 1} After a bench trial, the municipal court entered a judgment of conviction of assault, dereliction of duty, and two counts of aggravated menacing upon appellant, Kevin Fischbach ("appellant.") Appellant, a Cleveland police officer, was charged with assault, dereliction of duty, and two counts of aggravated menacing when he made threats to his lover's husband, got into a physical altercation with his lover's husband at his place of employment, and failed, as a police officer, to prevent the fight. Once he was charged, appellant filed a jury demand. Despite the written, signed, and filed jury demand, and in absence of a valid withdrawal of the demand, the municipal court conducted a bench trial. Appellant now appeals.
 {¶ 2} Although appellant cites nine assignments of error, we need address only the first, as it is dispositive of this appeal. For his first assignment of error, appellant asserts that the trial court lacked jurisdiction to conduct a bench trial because he filed a proper jury demand which he never waived. Appellant's assertion is well-taken.
 {¶ 3} Crim.R. 23(A) provides in pertinent part as follows:
 {¶ 4} "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."
 {¶ 5} Unlike the absolute right to a jury trial for criminal cases involving felonies, a jury trial for misdemeanors is not absolute and may be conditioned upon a written jury demand. City of Cleveland Heights v.Jackson, Cuyahoga App. No. 82958, 2003-Ohio-6486, ¶ 9. Here, appellant filed his written jury demand on March 9, 2004 — well in advance of the bench trial scheduled for June 14, 2004. Absent from the record, however, is any jury waiver. In particular, R.C. 2945.05 provides in pertinent part as follows:
 {¶ 6} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signedby the defendant, and filed in said cause and made a part of the recordthereof. It shall be entitled in the court and cause, and in substance as follows: `I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'" (Emphasis added.)
 {¶ 7} Because appellant filed a proper jury demand and there is no written, signed, and filed jury waiver pursuant to R.C. 2945.05, the municipal court lacked jurisdiction to conduct a bench trial and enter a judgment of conviction. Thus, the judgment of conviction is reversed and the case is remanded.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and McMonagle, J., concur.