[Cite as *Martin v. Bova*, 2014-Ohio-1247.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100844**

# TRAMAINE E. MARTIN

RELATOR

vs.

# SHERIFF FRANK BOVA

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Habeas Corpus
Motion Nos. 472208 and 471470
Order No. 473076

**RELEASE DATE:** March 26, 2014

**FOR RELATOR**

Tramaine E. Martin, pro se
S.O. No. 133983
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio   44101


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Amy Venesile
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Tramaine E. Martin has filed a petition for a writ of habeas corpus. Martin contends that he is being unlawfully detained because he was convicted of various misdemeanor offenses, including several first-degree misdemeanors, following a bench trial in municipal court and without having waived a jury trial pursuant to R.C. 2945.05. Respondent Sheriff Frank Bova has filed a motion for summary judgment, and Martin has filed a pro se motion for summary judgment and a supplement thereto. For the reasons that follow, we grant respondent's motion and deny Martin's motion for summary judgment.

**{¶2}** Martin's petition is based entirely on his argument that the municipal court was required to adhere to the provisions of R.C. 2945.05 in his case and, because he did not execute a jury waiver pursuant to that statute, he asserts that he is entitled to a writ of habeas corpus. However, the Ohio Supreme Court has clearly held,

> [t]he failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction. (*State v. Tate*, 59 Ohio St.2d 50, 13 Ohio Op.3d 36, 391 N.E.2d 738 [1979]; *State ex rel. Jackson v. Dallman*, 70 Ohio St.3d 261, 638 N.E.2d 563 [1994]; and *State ex rel. Larkins v. Baker*, 73 Ohio St.3d 658, 653 N.E.2d 701 [1995], harmonized).

*State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996), paragraph two of the syllabus. "A violation of R.C. 2945.05 is not the proper subject for habeas corpus relief." *Id*. at 339, citing *Larkins*.

{¶3} Martin pursued a direct appeal to our court in *Cleveland Hts. v. Martin*, 8th Dist. Cuyahoga No. 100682.

{¶4} Further, "unlike the absolute right to a jury trial for criminal cases involving felonies, a jury trial for misdemeanors is not absolute and may be conditioned upon a written jury demand." *Cleveland v. Fischbach*, 8th Dist. Cuyahoga No. 84944, 2005-Ohio-3164, ¶ 5, citing *Cleveland Hts. v. Jackson*, 8th Dist. Cuyahoga No. 82958, 2003-Ohio-6486.

{¶5} Cleveland Heights Municipal Court Local Rule 37 requires any party who desires a jury trial in a criminal case to file a written demand at least ten days before trial or three days after notice of the trial date, whichever is later. Martin has submitted portions of the transcript from the January 30, 2014 proceedings as exhibit B to his motion for summary judgment, which include his admission that he did not file a jury demand in the case.

{¶6} Based on the foregoing, respondent's motion for summary judgment is granted, and Martin's motion for summary judgment is denied.

{¶7} Writ denied.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR