[Cite as *State v. Sowell*, 2016-Ohio-8299.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104673**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARIOUS SOWELL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-485862-A

**BEFORE:** Blackmon, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** December 22, 2016

**ATTORNEY FOR APPELLANT**

Myron P. Watson
614 W. Superior Avenue
Rockefeller Building, Suite #1144
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Frank Romeo Zeleznikar
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}  In this accelerated appeal, appellant Marious Sowell appeals his sentence and assigns the following error for our review:

> I.  The trial court erred when it denied the appellant's motion to eliminate the repeat violent offender specification and his request for a new sentencing hearing.

{¶2}  Having reviewed the record and pertinent law, we affirm Sowell's sentence. The apposite facts follow.

{¶3}  In 2007, a jury found Sowell guilty of aggravated burglary, tampering with evidence, and two counts of having a weapon while under disability, for which the trial court sentenced Sowell to an aggregate 13 years in prison.  The aggravated burglary count contained a repeat violent offender ("RVO") specification, upon which the trial court entered a finding of guilt and added an additional five years to Sowell's sentence. Thus, Sowell was sentenced to a total of 18 years in prison.   Sowell filed a direct appeal, and we affirmed his conviction in *State v. Sowell*, 8th Dist. Cuyahoga No. 90732, 2008-Ohio-5875 ("*Sowell I*").

{¶4}  In February 2015, Sowell filed a motion to correct his sentence.  He argued that the RVO specification required a finding of "fact" that increased the penalty for aggravated burglary and, that, because he did not enter a knowing, intelligent, and voluntary jury waiver regarding the RVO specification, the RVO specification should have been submitted to the jury for a determination of guilt.  The state opposed the motion arguing that res judicata barred Sowell's claim because he failed to raise the issue

on direct appeal. The trial court denied Sowell's motion without opinion. Sowell appealed the trial court's decision.

{¶5} We concluded in *State v. Sowell*, 8th Dist. Cuyahoga No. 102752, 2015-Ohio-4770 (*"Sowell II"*), that Sowell could have and should have raised the court's failure to comply with R.C. 2945.05 on direct appeal. We explained as follows:

> Sowell argues that R.C. 2941.149(B) is unconstitutional because it conflicts with his Sixth Amendment right to a trial by jury on any "fact" that increases his punishment beyond the punishment allowed on facts that were determined by a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Alleyne v. United States*, ___U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In other words, he maintains that because the RVO specification increases his punishment beyond what would be allowed by facts found by the jury on the underlying offense, he had the right to have the jury determine the facts supporting the specification. And since R.C. 2945.05 requires that a defendant's waiver of the right to a trial by jury must be made in writing and made a part of the record, none of which occurred in this case, Sowell claims that he did not validly waive his right to have a jury determine the facts supporting the specification, so the RVO specification is void._

> Sowell forfeited his right to make a Sixth Amendment jury trial argument on the validity of the RVO specification because he failed to raise the issue on direct appeal of his conviction. As a matter of statutory law, "[t]he

failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction." *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus (1996); *Martin v. Bova*, 8th Dist. Cuyahoga No. 100844, 2014-Ohio-1247, ¶ 2. As a matter of constitutional law, constitutional violations occurring during sentencing are not structural errors and thus do not render a sentence void. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 20. That being the case, a defendant like Sowell, who was sentenced after *Blakely* had been announced, had to seek redress of any alleged constitutional violation of that right on direct appeal. *Id*. at ¶ 28._

*Id*. at ¶ 8 and 9.

{¶6} On April 5, 2016, Sowell filed in the trial court a "motion to eliminate the repeat violent offender specification and request for a new sentencing hearing." He argued that he was indicted in 2006 for the RVO specification under former R.C. 2941.149 and the statute was deemed unconstitutional in April 2007. He concluded that because his indictment was never amended to include the new RVO statute, his sentence was void. The state again argued that res judicata barred his motion. The trial court denied Sowell's motion without opinion.

## RVO Specification

{¶7} In his sole assigned error, Sowell argues that the trial court erred by denying his motion to vacate the RVO specification because the former RVO statute, which existed at the time he was indicted, was deemed unconstitutional.[1]

---

[1]The Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, found that the former RVO statute was unconstitutional to the extent it required the trial court to conduct factfinding and, therefore, excised the offending provision from the statute.

{¶8} Res judicata bars Sowell's argument. This is Sowell's third appeal. Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal. *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 652 N.E.2d 710; *State v. Gillard*, 78 Ohio St.3d 548, 549, 679 N.E.2d 276. In *Sowell II*, this court noted that "even if the court had jurisdiction to consider *Sowell's* motion to correct the sentence regarding the RVO specification, Sowell was barred by res judicata from raising the issue because he failed to raise that issue on direct appeal." *Sowell II*, 8th Dist. Cuyahoga No. 102752, 2015-Ohio-4770, Fn. 1.

{¶9} We agree with Sowell that res judicata does not bar appellate review of void or illegal sentences. However, "constitutional violations occurring during sentencing are not structural errors and thus do not render a sentence void." *Sowell II* at ¶ 9, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 20

{¶10} Even if res judicata did not bar Sowell's argument, we would find it to be without merit. The failure to timely object to a defect in an indictment constitutes a waiver of the error. Crim.R. 12(C)(2) (objections to defect in indictment must be raised before trial); *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596. Any claim of error in the indictment in such a case is limited to a plain-error review on appeal. *State v. Frazier*, 73 Ohio St.3d 323, 652 N.E.2d 1000 (1995); Crim.R. 52(B). In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the proceeding clearly would have been otherwise. *State v. Long*, 53 Ohio St.2d 91,

372 N.E.2d 804 (1978), paragraph two of the syllabus._ Here, the outcome would not have been different.

{¶11} The RVO specification in Sowell's indictment was based on his prior conviction for aggravated robbery.  The Ohio Supreme Court in *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, 915 N.E.2d 292, specifically held that "the Sixth Amendment does not limit a sentencing court's consideration to the existence of a prior conviction."  *Id.* at ¶ 36.  As we held in *Sowell II*, "[b]ased on *Hunter*, Sowell's reliance on this court's decision in *State v. Malcom*, 8th Dist. Cuyahoga No. 85351, 2005-Ohio-4133 [in which we held that the trial court properly dismissed the RVO specification based on a prior conviction because the RVO statute required judicial fact finding]  is no longer viable authority."  *Sowell II* at fn. 1.  Sowell's RVO specification was based on his prior conviction; therefore, no findings of fact were necessary.

{¶12} Moreover, the purpose of the indictment is to provide notice to the offender of the crimes with which he is charged.  As we held in *State v. Richmond*, 8th Dist. Cuyahoga No.  101215, 2014 -Ohio-4842,  ¶ 19, 20, an amendment of the indictment is not necessary if the defendant is provided notice that the RVO is related to the prior conviction.   In the instant case, Sowell's indictment clearly states that the RVO specification was based on his prior conviction of "aggravated robbery" and set forth the date of the conviction and case number.  Therefore, Sowell's indictment sufficiently apprised him that the RVO specification was based on this prior conviction.

{¶13} Sowell's argument related to the Ohio Supreme Court's decision in *Romito v. Maxwell,* 10 Ohio St.2d 266, 277 N.E.2d 223 (1967),  is moot.  Sowell argued that

he would be entitled to a new sentencing hearing if the RVO specification was void because the RVO specification is interrelated with his conviction for aggravated burglary.

The Supreme Court in *Romito* affirmed the trial court's conclusion that the habitual offender enhancement was void after the main charge for burglary was vacated because the enhancement was not a conviction for a crime in and of itself but enhanced the sentence for the burglary conviction. We have determined that the RVO specification is not void. Moreover, the aggravated burglary sentence is not dependent upon the RVO specification. Accordingly, Sowell's assigned error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR