THE STATE, EX REL. MULTIPLEX, INC., APPELLEE, *v.* CITY OF
SOUTH EUCLID ET AL., APPELLANTS.

(No. 73-405—Decided December 19, 1973.)

*Mr. Robert E. Jaffe*, for appellee.

*Mr. Earl T. Longley*, director of law, and *Messrs. Hardesty & Callard*, for appellants.

WILLIAM B. BROWN, J. App. R. 12(A), providing that "all errors assigned and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision," is not applicable to this case, since the cause is

one of first instance brought under Section 3, Article IV of the Ohio Constitution; nevertheless, the Court of Appeals could have immeasurably aided this court by providing its reasons for granting the writ.

Appellants contend that, since Multiplex did not comply with the literal provisions of the city's ordinance in submitting its application for a building permit, the building commissioner need not issue the permit.

Section 762.01 of the Codified Ordinances of the city of South Euclid, applying to permit applications, provides:

"(a) No excavation or site improvements shall be started nor shall any building or structure be erected, altered or moved until a building permit *has been applied for and received by the owner of the premises or a person legally acting under written authority of such owner,* and issued by the commissioner of building." (Emphasis added.)

When Multiplex applied for the building permit in April 1972 it was not the owner of the premises where the proposed building would be constructed. It had entered into a contract of purchase with the owners, conditioned upon its obtaining a building permit. There is no evidence in the record that the owners had given written authority to Multiplex to legally act on their behalf, nor is there any evidence of cooperation between the two parties. Notably absent from the record is a copy of the permit application.

So, since Multiplex was not the owner of the premises, and was not legally acting under written authority of the owners, it did not fulfill an essential requirement of the ordinance.

In *Bloom* v. *Wides* (1955), 164 Ohio St. 138, 141, this court authorized the issuance of an injunction to restrain the construction of a building because the permit application was improperly filled out. There, the Cincinnati ordinance provided that the application must be made by the owner or by his authorized agent. The applicant had no title to the property, and Judge Zimmerman, in construing the ordinance, ruled that:

"* * * it was essential that the written application for

the building permit be made by the owner, or that it appear that such application was being made for and on the owner's behalf.''

Similarly, in the instant case, since Multiplex did not comply with an essential element of the ordinance—that application be made by the owner or by one acting under his written authority—the commissioner was justified in not granting the permit. On the other hand, let no one misunderstand the court's holding here and construe it as approving the apparent dilatory tactics of the commissioner in handling the application.

Multiplex relies upon the case of *State, ex rel. Sun Oil Co.,* v. *Euclid* (1955), 164 Ohio St. 265. The first paragraph of the syllabus provides:

''Although the building code of a municipality provides that a building permit shall be issued to the owner of the site of the proposed building for which the permit is sought, a person having a contract of purchase of such site from the owner thereof may, with the approval and participation of such owner, lawfully make application for such building permit.''

In the *Sun Oil* case, the permit application was signed by the applicant as well as the record owner of the property. Such active participation by the record owner distinguishes *Sun Oil* from the instant case.

The burden is on the person submitting the application for a building permit to fulfill all the requirements of the ordinance. Where one of the requirements is written authority of the owner, as in this case, such authorization must accompany the application. Here, Multiplex failed to include such authorization in its application for the permit; and therefore it did not meet its burden of proof.

Accordingly, we hold that the Court of Appeals erred in issuing the writ of mandamus. Therefore the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.