REFRESHMENT SERVICE COMPANY, INC., APPELLEE, *v.*
LINDLEY, TAX COMMISSIONER, APPELLANT.

[Cite as Refreshment Service Co. v. Lindley (1981),
67 Ohio St. 2d 400.]

(No. 80-1371—Decided July 29, 1981.)

*Bernard, Haffey & Bosco Co., L.P.A., Mr. J. Ross Haffey, Jr.,* and *Mr. Edward G. Bohnert,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

STRAUSBAUGH, J.    Appellant appeals the decision of the Court of Appeals, claiming that because appellee had a beneficial interest in the improvements made to the convention center, appellee is liable for the personal property taxes assessed against the improvement. Any resolution of the issue

raised by the facts of this case must be based on the definition of "taxpayer," found at R. C. 5711.01(B) and partially set forth below:

" 'Taxpayer' means any owner of taxable property and includes every person residing in, or incorporated or organized by or under the laws of this state, or doing business in this state, or owning or having a beneficial interest in taxable personal property in this state and every fiduciary required by sections 5711.01 to 5711.36, of the Revised Code, to make a return for or on behalf of another."

The legislative intent, as reflected by the plain language of the above statute, is to limit those persons or organizations liable to pay personal property tax to those who own or have a beneficial interest in the taxable personal property. The issue before this court for determination is whether appellee had a beneficial interest in the improvements made to the convention center. Appellant argues that appellee does have a beneficial interest in the property in question by virtue of appellee's right to use the property in the operation of its business for profit. The Court of Appeals found that appellee had no beneficial interest in the improvement without establishing a definition for the term "beneficial interest" as used in R. C. 5711.01(B). However, in reaching its decision the court engaged in an analysis of the rights of the appellee as defined by the concession agreement and concluded that the nature of appellee's interest in the property did not rise to a beneficial interest as contemplated by the General Assembly in R. C. 5711.01(B).

The term "beneficial interest" is not defined in R. C. Chapter 5711 nor do we find a definition in any previous decision of this court. By the use of the term "beneficial interest", the General Assembly expanded the definition of taxpayer to include more than those persons and organizations holding legal title of the taxable property. Appellant strongly urges that the mere *use* of the personal property subject to taxation in the operation of a business for profit is enough to establish that the user has a beneficial interest in the property in question. We do not agree.

In the case of *Equilease Corp.* v. *Donahue* (1967), 10 Ohio St. 2d 81, it was argued to this court that a lessee of personal

property used in business was a fiduciary having possession of taxable personal property and a taxpayer by the definition established in R. C. 5711.01(B). In dismissing this argument the court stated that adoption of the above proposition would abrogate the definition of taxpayer as defined in R. C. 5711.01 (B). Adoption of the appellant's argument in the case now before this court would have the same effect. Clearly if the General Assembly had intended to include as a taxpayer for the purposes of the personal property tax those persons or organizations that use the taxable property in the operation of a business, it could have easily done so. An examination of R. C. 5711.01(B) indicates an intent to tax the *ownership* of personal property used in business rather than the *use* of personal property in business.

In light of the above, we construe the term "beneficial interest" to include the interest of one who is in possession of all characteristics of ownership other than legal title of the taxable property. Such a definition prevents one from escaping the incidence of the personal property tax by transferring legal title to the taxable property while keeping the benefits of its ownership. The determination of whether a person has a "beneficial interest" in an article of personal property requires an examination of the rights and privileges that person has in the property in question. If in fact this person is found to possess all the characteristics of ownership without having legal title to the property, then the person must be found to have a beneficial interest in the property and liable for any personal property tax assessed.

An examination of the terms of the concession agreement, which define the legal relationship between the appellee and the property in question, preclude a finding that appellee had a beneficial interest in the improvements constructed and installed by appellee. In addition to the provision granting title to the fixtures and equipment to the city of Cleveland upon installation, the agreement prevents appellee from creating a lien, pledge, assignment, mortgage or creating any security interest in a third party in the equipment. The concession agreement had a ten-year term and provided that upon termination, appellee was to vacate the convention center taking with it only its property, which would not include any improvements

installed by appellee, title to the improvements having passed to the city upon installation.

Even though appellee was granted the exclusive right to operate a food, beverage and merchandise concession at the convention center, usage of the equipment was not restricted to the appellee. An outside caterer could use the equipment installed by appellee upon the joint approval of appellee and the commissioner of the Cleveland auditorium or upon the authorization of the board of control. It is important to note that while appellee was to receive a percentage of the gross receipts from the outside caterer "for the privilege for serving in the Cleveland Public Auditorium and Convention Center *** ," it is the city who receives a rental fee at prevailing rates for the space utilized by the outside caterer.

Appellant places great reliance on the fact that appellee used the improvements in the conduct of its business for profit. The fact that the city also receives a profit by virtue of the operation of appellee's business cannot be overlooked. The facts in this case cannot be distinguished from a normal lease of equipment, which was considered in the context of liability of personal property tax in *Equilease Corp., supra.*

Based on the foregoing, we hereby find that appellee had no beneficial interest in the improvements and thus was not liable for any personal property tax assessed on the improvements. The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for P. BROWN, J.