VICTORIA PLAZA LIMITED LIABILITY COMPANY ET AL., APPELLEES,
*v.* CUYAHOGA COUNTY BOARD OF REVISION; NORTH
OLMSTED BOARD OF EDUCATION, APPELLANT.

[Cite as *Victoria Plaza Ltd. Liab. Co. v. Cuyahoga Cty.
Bd. of Revision* (1999), 86 Ohio St.3d 181.]

(No. 98–1446—Submitted March 17, 1999—Decided July 28, 1999.)

*Fred Siegel Co., L.P.A.*, and *Annrita S. Johnson*, for appellees.

*Kolick & Kondzer, Thomas A. Kondzer* and *Kimberly A. Aldrich*, for appellant.

**Per Curiam.** The BOE primarily argues that Company, despite having an equitable interest in the property, does not have standing to file a valuation complaint as an owner, contending that the owner must hold legal title to the property. Company responds that, first, it had sufficient ownership interest, an equitable interest, to have standing to file the complaint. Second, it maintains that the complaint satisfies the standing requirement because the complaint listed Company and Partnership as the owner of the property, each of which, at some point, owned the property.

We conclude that the holder of an equitable interest in real property does not have standing to file a valuation complaint. We further conclude that Partnership held legal title to the property when Company and Partnership filed their joint complaint and that Partnership had standing to proceed on the joint complaint.

R.C. 5715.19(A)(1) provides for the filing of valuation complaints:

"Any person owning taxable real property in the county * * * may file [a valuation] complaint regarding any such determination affecting any real property in the county * * * ."

In *Soc. Natl. Bank v. Wood Cty. Bd. of Revision* (1998), 81 Ohio St.3d 401, 403, 692 N.E.2d 148, 150, we held that a complainant under the statute "must own

taxable real property in the county at the time the complaint is filed." In *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision* (1997), 78 Ohio St.3d 459, 461, 678 N.E.2d 917, 919, we ruled that standing to file valuation complaints is jurisdictional. Standing is jurisdictional in administrative appeals "where parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction." *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 77, 701 N.E.2d 1002, 1008, fn. 4. Thus, to have standing, one filing a valuation complaint as the owner of real property must own real property in the county when such person files the complaint to invoke the jurisdiction of the board of revision.

To satisfy this standing requirement, Company maintains that it owned an equitable interest in the property. However, in *Bloom v. Wides* (1955), 164 Ohio St. 138, 141, 57 O.O. 132, 134, 128 N.E.2d 31, 33, the court stated, "[w]here the term 'owner' is employed with reference to land or buildings, it is commonly understood to mean the person who holds the legal title." Moreover, in *State ex rel. Multiplex, Inc. v. S. Euclid* (1973), 36 Ohio St.2d 167, 169–170, 65 O.O.2d 383, 384–385, 304 N.E.2d 906, 907–908, the court, citing *Bloom*, ruled that a purchaser that had not yet taken title to real property was not the owner of the property. Consequently, to be the owner of real property, the person must hold legal title to the property, not simply an equitable interest in the property.

Company also argues that *Bloom* and *Multiplex* interpreted the term "owner" and that R.C. 5715.19 employs the phrase "person owning taxable real property." Nevertheless, in *Refreshment Serv. Co. v. Lindley* (1981), 67 Ohio St.2d 400, 403, 21 O.O.3d 251, 253, 423 N.E.2d 1119, 1122, we construed the phrase "person * * * owning or having a beneficial interest in taxable personal property * * *," found in R.C. 5711.01(B). We contrasted "owning" with "having a beneficial interest":

"[W]e construe the term 'beneficial interest' to include the interest of one who is in possession of all characteristics of ownership other than legal title of the taxable property."

Thus, a person owning property has legal title to it; a person having the beneficial interest in property has possession of all characteristics of ownership other than legal title. Since R.C. 5715.19 does not contain language allowing someone other than the person holding legal title to file a complaint, we conclude that the owner of an equitable interest in real property does not have standing to file a complaint.

Partnership, however, did hold legal title to the property and was the owner of it when Siegel filed the complaint, which named Company and Partnership as owner. Thus, this complaint identified an owner of the property, rendering it a valid complaint.

Accordingly, we affirm, for different reasons, the decision of the BTA, and remand the cause to the BTA for a decision consistent with this opinion.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.** In my opinion, a holder of an equitable interest in real property does have standing to file a valuation complaint.