[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 181.]

VICTORIA PLAZA LIMITED LIABILITY COMPANY ET AL., APPELLEES, *v.*
CUYAHOGA COUNTY BOARD OF REVISION; NORTH OLMSTED BOARD OF
EDUCATION, APPELLANT.

[Cite as *Victoria Plaza Ltd. Liab. Co. v. Cuyahoga Cty. Bd. of Revision*,
1999-Ohio-148.]

*Taxation—Real property valuation—Holder of an equitable interest in real property does not have standing to file a valuation complaint—R.C. 5715.19, construed and applied.*

(No. 98-1446—Submitted March 17, 1999—Decided July 28, 1999.)

APPEAL from the Board of Tax Appeals, No. 96-B-641.

_____

{¶ 1} On November 30, 1994, Victoria Plaza Limited Partnership ("Partnership") and Victoria Plaza Limited Liability Company, the successor to G.M.S. Realty Company (" Company"), appellee, signed an agreement for Partnership to sell the Victoria Plaza Apartments to Company for $7,275,000. Company deposited $100,000 with Partnership as earnest money to credit toward the purchase price. The parties agreed to prorate real property taxes "as of midnight of the day immediately prior to the Closing Date[.]"

{¶ 2} On March 27, 1995, Daniel S. Siegel, Attorney at Law, filed a complaint with the Cuyahoga County Board of Revision ("BOR"), appellee, seeking to establish the purchase price as the true value of the property for the tax year 1994; the deadline to file such a complaint was March 31, 1995. In the complaint, Siegel named Company and Partnership as "Owner of property."

{¶ 3} On March 28, 1995, Partnership signed a limited warranty deed granting the property to Company. The record does not establish when Partnership delivered the deed to Company.

**{¶ 4}** On March 30, 1995, Raymond Slepski, apparently an employee of AvTax, Inc., filed a valuation complaint with the BOR, naming Partnership as owner of the property. The cover letter accompanying this complaint does not indicate what authority Slepski had regarding the complaint. The complaint, which sought to reduce the value of the property, listed Slepski as "Agent."

**{¶ 5}** On March 31, 1995, the deed was filed with the Cuyahoga County Auditor and with the Cuyahoga County Recorder.

**{¶ 6}** The North Olmsted Board of Education ("BOE"), appellant, filed complaints countering the earlier complaints.

**{¶ 7}** The BOR dismissed the complaint filed by Siegel because, incorrectly as it turns out, the complainant had filed a complaint for the tax year 1994, being, so the BOR concluded, a second filing in the same interim period. Nevertheless, the BOR reduced the value of property under the complaint filed by AvTax to $6,977,000. Company, Partnership, and the BOE filed notices of appeal with the Board of Tax Appeals ("BTA").

**{¶ 8}** The BTA dismissed the appeal of Partnership's complaint originally filed by AvTax for lack of jurisdiction under *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, and ordered the BOR to dismiss the AvTax complaint.

**{¶ 9}** As to the Company/Partnership complaint filed by Siegel, the BTA reversed the BOR's decision that the BOR lacked jurisdiction and remanded the case to the BOR to determine the true value of the property. The BTA found that Company, by agreeing to purchase the property on November 30, 1994, obtained an equitable interest in the property sufficient to pursue a complaint seeking to reduce the property's value. The BOE appeals the latter decision.

**{¶ 10}** This cause is now before the court upon an appeal as of right.

_____

*Fred Siegel Co., L.P.A.,* and *Annrita S. Johnson*, for appellees.

*Kolick & Kondzer*, *Thomas A. Kondzer* and *Kimberly A. Aldrich*, for appellant.

_____

***Per Curiam.***

**{¶ 11}** The BOE primarily argues that Company, despite having an equitable interest in the property, does not have standing to file a valuation complaint as an owner, contending that the owner must hold legal title to the property. Company responds that, first, it had sufficient ownership interest, an equitable interest, to have standing to file the complaint. Second, it maintains that the complaint satisfies the standing requirement because the complaint listed Company and Partnership as the owner of the property, each of which, at some point, owned the property.

**{¶ 12}** We conclude that the holder of an equitable interest in real property does not have standing to file a valuation complaint. We further conclude that Partnership held legal title to the property when Company and Partnership filed their joint complaint and that Partnership had standing to proceed on the joint complaint.

**{¶ 13}** R.C. 5715.19(A)(1) provides for the filing of valuation complaints:

"Any person owning taxable real property in the county * * * may file [a valuation] complaint regarding any such determination affecting any real property in the county * * * ."

**{¶ 14}** In *Soc. Natl. Bank v. Wood Cty. Bd. of Revision* (1998), 81 Ohio St.3d 401, 403, 692 N.E.2d 148, 150, we held that a complainant under the statute "must own taxable real property in the county at the time the complaint is filed." In *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision* (1997), 78 Ohio St.3d 459, 461, 678 N.E.2d 917, 919, we ruled that standing to file valuation complaints is jurisdictional. Standing is jurisdictional in administrative appeals "where parties must meet strict standing requirements in order to satisfy the threshold requirement

for the administrative tribunal to obtain jurisdiction." *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 77, 701 N.E.2d 1002, 1008, fn. 4. Thus, to have standing, one filing a valuation complaint as the owner of real property must own real property in the county when such person files the complaint to invoke the jurisdiction of the board of revision.

{¶ 15} To satisfy this standing requirement, Company maintains that it owned an equitable interest in the property. However, in *Bloom v. Wides* (1955), 164 Ohio St. 138, 141, 57 O.O. 132, 134, 128 N.E.2d 31, 33, the court stated, "[w]here the term 'owner' is employed with reference to land or buildings, it is commonly understood to mean the person who holds the legal title." Moreover, in *State ex rel. Multiplex, Inc. v. S. Euclid* (1973), 36 Ohio St.2d 167, 169-170, 65 O.O.2d 383, 384-385, 304 N.E.2d 906, 907-908, the court, citing *Bloom*, ruled that a purchaser that had not yet taken title to real property was not the owner of the property. Consequently, to be the owner of real property, the person must hold legal title to the property, not simply an equitable interest in the property.

{¶ 16} Company also argues that *Bloom* and *Multiplex* interpreted the term "owner" and that R.C. 5715.19 employs the phrase "person owning taxable real property." Nevertheless, in *Refreshment Serv. Co. v. Lindley* (1981), 67 Ohio St.2d 400, 403, 21 O.O.3d 251, 253, 423 N.E.2d 1119, 1122, we construed the phrase "person * * * owning or having a beneficial interest in taxable personal property * * *," found in R.C. 5711.01(B). We contrasted "owning" with "having a beneficial interest":

"[W]e construe the term 'beneficial interest' to include the interest of one who is in possession of all characteristics of ownership other than legal title of the taxable property."

{¶ 17} Thus, a person owning property has legal title to it; a person having the beneficial interest in property has possession of all characteristics of ownership other than legal title. Since R.C. 5715.19 does not contain language allowing

someone other than the person holding legal title to file a complaint, we conclude that the owner of an equitable interest in real property does not have standing to file a complaint.

{¶ 18} Partnership, however, did hold legal title to the property and was the owner of it when Siegel filed the complaint, which named Company and Partnership as owner. Thus, this complaint identified an owner of the property, rendering it a valid complaint.

{¶ 19} Accordingly, we affirm, for different reasons, the decision of the BTA, and remand the cause to the BTA for a decision consistent with this opinion.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

PFEIFER, J., dissents.

———————————

**PFEIFER, J., dissenting.**

{¶ 20} In my opinion, a holder of an equitable interest in real property does have standing to file a valuation complaint.

———————————