[Cite as *NDHMD, Inc. v. Cuyahoga Cty. Bd. of Revision*, 2012-Ohio-5508.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98004**

## NDHMD, INC.

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-757502

**BEFORE:** Celebrezze, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 29, 2012

**ATTORNEY FOR APPELLANT**

John P. Malone, Jr.
Malone Law, L.L.C.
614 W. Superior Avenue
Suite 1150
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEES**

**For Cuyahoga County Board of Revision**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Mark R. Greenfield
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**For Cleveland Municipal School District Board of Education**

James H. Hewitt, III
Hewitt Law, L.L.C.
The Groh Mansion
3043 Superior Avenue
Cleveland, Ohio   44114

FRANK D. CELEBREZZE, JR., J.:

{¶1} NDHMD Inc., the appellant in this case, wishes us to reverse the decision of the Cuyahoga County Board of Revision (the "Board of Revision"), which was affirmed by the common pleas court, adopting a valuation of $444,720 for property NDHMD purchased at an auction of forfeited lands. NDHMD argues that the best evidence of value is the price of $1,500 it paid at the tax forfeiture auction, while the Cleveland Municipal School District Board of Education (the "School Board") argues that the prior valuation of $963,300 should be maintained. Because the Board of Revision's jurisdiction to review the value of the property was not properly invoked, its decision adjusting the value of the property must be reversed and the prior value reinstated.

I. Factual and Procedural History

{¶2} The owner of a large commercial property at 7275 Wentworth Avenue, Cleveland, Ohio, failed to pay property taxes, and Cuyahoga County initiated tax foreclosure proceedings on April 25, 2008. Foreclosure was granted on February 17, 2009. The property was offered for sale at judicial auction on May 4, 2009, and then again on May 18, 2009. The property did not sell and an order of forfeiture was entered on June 19, 2009. On June 22, 2009, the property was transferred to the state of Ohio.

{¶3} The property was offered for sale at public auction on March 24, 2010, without minimum bid restrictions that existed in the earlier foreclosure auction sales.

George Dietrich submitted the winning bid of $1,500 and tendered the purchase price in full on March 30, 2010. The next day, NDHMD, through agent George Dietrich, filed a complaint for valuation with the Board requesting a decrease in the value of the property for the 2009 tax year. On April 16, 2010, an auditor's tax deed was executed and recorded four days later, conveying title from the state to NDHMD.

{¶4} The Board of Revision conducted a hearing on April 25, 2011, where the School Board opposed NDHMD's valuation request and argued that NDHMD did not acquire the property in an arm's-length transaction. NDHMD argued the property should be valued at $1,500, while the School Board asserted that the value should remain at $963,300. The Board of Revision reduced the value of the property to $444,720, and NDHMD appealed to the common pleas court. That court upheld the Board of Revision's decision on January 25, 2012. NDHMD then appealed to this court arguing three assignments of error.[1] However, because the Board of Revision's jurisdiction was not properly invoked, its decision must be reversed.

## II. Law and Analysis

{¶5} To properly invoke the jurisdiction of the Board of Revision, a valuation complaint must be filed by

> [a]ny person owning taxable real property in the county or in a taxing district with territory in the county, * * * if the person is a firm, company, association, partnership, limited liability company, or corporation, an officer, a salaried employee, a partner, or a member of that person.

---

[1] A statement of the assignments of error is included in the appendix to this opinion.

R.C. 5715.19(A)(1)(f). This court has interpreted this language to apply to ownership at the time the complaint is filed. *Public Square Tower One v. Cuyahoga Cty. Bd. of Revision*, 34 Ohio App.3d 49, 52, 516 N.E.2d 1280 (8th Dist.1986).

{¶6} The Ohio Supreme Court has come to the same conclusion. Where a party holds only an equitable interest at the time the complaint is filed, it does not have standing to bring a complaint for valuation. *Victoria Plaza, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 86 Ohio St.3d 181, 1999-Ohio-148, 712 N.E.2d 751. The court held that

> "where the term 'owner' is employed with reference to land or buildings, it is commonly understood to mean the person who holds the legal title." [*Bloom v. Wides*, 164 Ohio St. 138, 141, 128 N.E.2d 31 (1955)]. Moreover, in *State ex rel. Multiplex, Inc. v. S. Euclid* (1973), 36 Ohio St.2d 167, 169-170, * * * 304 N.E.2d 906, 907-908, the court, citing *Bloom*, ruled that a purchaser that had not yet taken title to real property was not the owner of the property. Consequently, to be the owner of real property, the person must hold legal title to the property, not simply an equitable interest in the property.

*Id*. at 183.

{¶7} The Board of Revision asserts, for the first time on appeal, that NDHMD filed its complaint when it was not the legal owner of the property it sought to have valued and incorrectly listed itself as the owner on the form used to file its complaint. R.C. 5715.19 requires the complaint for valuation to state the owner of the property, and failure to properly complete the form promulgated by the Ohio Tax Commissioner may result in a jurisdictional defect. *Public Square* at 51, citing *Stanjim Co. v. Mahoning Cty. Bd. of Revision*, 38 Ohio St.2d 233, 235, 313 N.E.2d 14 (1974); *Griffith v. Cuyahoga Cty. Bd. of Revision*, 44 Ohio St.2d 225, 227, 339 N.E.2d 817 (1975).

**{¶8}** While this court normally will not address arguments raised for the first time on appeal, a jurisdictional defect such as the one before us here cannot be waived and may be raised for the first time on appeal. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 1998-Ohio-275, 701 N.E.2d 1002. This is because, "[i]f a court acts without jurisdiction, then any proclamation by that court is void." *Id*., citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988).

**{¶9}** Here, NDHMD indicated on the form used to file its complaint that it was the owner of the property even though it had not received a deed for the property. NDHMD possessed a certificate of tax sale at the time the complaint was filed, which operated as an agreement to transfer title, not legal title. R.C. 5309.60; *Victoria Plaza* at 183; Ohio Jurisprudence 3d, Taxation, 831. NDHMD possessed an equitable interest, but not a legal one in the property. Title is not passed until a conveyance occurs. That occurred when a tax deed was generated and provided to the purchaser or registered with the county recorder. R.C. 5309.60; Ohio Jurisprudence 3d, Taxation, 831. Here, the tax deed was not executed until April 16, 2010, several days after NDHMD filed its complaint for valuation.

**{¶10}** Therefore, at the time the complaint was filed, NDHMD was not the owner of the property as contemplated by R.C. 5715.19. This statute requires the party filing a valuation complaint to own the property or other taxable property in the district. *Soc. Natl. Bank v. Wood Cty. Bd. of Revision*, 81 Ohio St.3d 401, 1998-Ohio-436, 692 N.E.2d 148; R.C. 5715.19 and 5715.13. NDHMD satisfies neither requirement. Accordingly,

the Board of Revision did not have jurisdiction to entertain NDHMD's complaint. The Board of Revision, at oral arguments, indicated that NDHMD may file a new complaint citing a change of ownership as grounds for filing successive complaints within the same triannium.

### III. Conclusion

**{¶11}** NDHMD was not the legal owner of the property at the time it filed its complaint for valuation because it did not possess legal title. Payment of the purchase price or execution of a contract for sale creates a beneficial interest in the property, but not legal title. Legal title requires conveyance, generally evidenced by the furnishing of a deed. Here, the only evidence is that the deed was executed on April 16, 2011, 15 days after NDHMD filed its complaint for valuation. Therefore, the original valuation of $963,300 must be reinstated by the Board of Revision.

**{¶12}** Judgment reversed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR
                              APPENDIX

Appellant's assignments of error:

I.      The Court of Common Pleas erred when it affirmed the valuation of the Cuyahoga County Board of Revision because the Board and the Court failed to find, based on the evidence of an arm's length voluntary auction sale, the current value of Cuyahoga County permanent parcel #006-28-096 to be $1,500.00.

II.     The Court of Common Pleas erred when it affirmed the valuation of the Cuyahoga County Board of Revision because the Board's decision was not supported by the evidence.