[Cite as *State v. Levy*, 2023-Ohio-818.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                 No. 111779

    v.                             :

JERMAINE LEVY,                          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 16, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-01-404892-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Law Offices of William B. Norman and William B. Norman, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Jermaine Levy, appeals the trial court's judgment entry denying his emergency motion to vacate void judgment. For the reasons that follow, we affirm.

## I. Procedural Background

{¶ 2} In 2002, a jury found Levy, who acted as his own trial counsel, guilty of escape, a second-degree felony, and forgery, a fifth-degree felony. The trial court sentenced him to three years in prison, to be served consecutively to other previously imposed prison sentences.[1] Levy, through a delayed appeal, challenged his convictions, raising six assignments of error, none of which challenged his waiver of counsel at trial. *State v. Levy*, 8th Dist. Cuyahoga No. 83114, 2004-Ohio-4489, ¶ 1-8.[2] This court overruled his assignments of error and affirmed his convictions. *Id.*[3]

{¶ 3} Subsequently in 2005, Levy, pro se, filed a delayed application to reopen his appeal pursuant to App.R. 26(B), and in 2006 filed an amended application. This court denied the applications without opinion. The Ohio Supreme Court declined jurisdiction and dismissed the appeal. *State v. Levy*, 109 Ohio St.3d 1458, 2006-Ohio-2226, 847 N.E.2d 9.

---

[1] At the time, Levy was serving a 20-year sentence imposed in Cuyahoga C.P. No. CR-00-387402 and an aggregate sentence of 240 months in federal prison.

[2] While his motion for a delayed appeal was pending, Levy, pro se, filed a petition for postconviction relief contending that he received ineffective assistance of appellate counsel because counsel failed to timely file a direct appeal. The trial court found that the issues relating to appellate counsel were not cognizable in postconviction proceedings but ultimately found the petition moot because Levy's appeal was accepted and he had new appellate counsel.

[3] After the Ohio Supreme Court allowed Levy to file a delayed appeal of this court's decision, the court dismissed the case for want of prosecution. *State v. Levy*, 105 Ohio St.3d 1468, 2005-Ohio-1254, 824 N.E.2d 538. His subsequent attempt to appeal this court's decision was unsuccessful. *See State v. Levy*, 108 Ohio St.3d 1485, 2006-Ohio-962, 843 N.E.2d 792 (motion for leave to file delayed appeal denied).

{¶ 4} In 2008, the United States District Court for the Northern District of Ohio dismissed Levy's petition for writ of habeas corpus, finding that he failed to make a substantial showing of a denial of a constitutional right directly related to his conviction or custody. *See Levy v. Ohio*, N.D.Ohio No. 1:06-CV-237, 2008 U.S. Dist. LEXIS 8726 (Feb. 6, 2008). The content of Levy's petition and the federal court's decision will be discussed later in this opinion.

{¶ 5} In June 2022, Levy filed an emergency motion to vacate void judgment contending that his convictions were void because he was deprived of his constitutional right to counsel, predicated on an invalid waiver of counsel. The state opposed the motion, contending that the Ohio Supreme Court's recent holdings in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, did not afford Levy relief from his conviction because (1) a denial of counsel renders a conviction voidable, and (2) res judicata prevented Levy from this challenge because he could have raised this issue in his direct appeal. The trial court summarily denied Levy's motion.

{¶ 6} Levy now appeals, raising the following two assignments of error, which will be addressed together:

> I. The trial court's failure to inform appellant Levy of, and ensure he understood: the nature of the charged offenses, the statutory offenses included, the range of allowable punishments, the possible defenses to each change, any other facts essential to a broad understanding of the matter as a whole, and the dangers and disadvantages of self-representation resulted in an invalid waiver of counsel.

II. Denial of counsel, effected through an invalid waiver of counsel, results in a loss of jurisdiction and a conviction which is void.

{¶ 7} At the heart of Levy's appeal is his reliance on the Ohio Supreme Court's decision in *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, and this court's subsequent decisions in *Euclid v. Hedge*, 8th Dist. Cuyahoga No. 110473, 2022-Ohio-464, and *State v. Majid*, 8th Dist. Cuyahoga No. 110560, 2022-Ohio-189, that both recognized the effect of *Ogle*. He contends that based on this authority, *Harper* and *Henderson* do not apply, his conviction is void, and the trial court erred in denying his request to vacate his conviction.

{¶ 8} We find that even if Levy were permitted to assert this challenge twenty years after his conviction, and even if he demonstrated that his constitutional right to counsel was violated, he has not established that this violation rose to the level of a plain error that this court must correct.

## II. Postconviction and Void Judgment

{¶ 9} In this appeal, Levy contends that his waiver of trial counsel was invalid; and thus, his judgment of conviction is void. We construe Levy's motion to vacate a void judgment as an untimely petition for postconviction relief under R.C. 2953.21(A)(1). *See State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), at syllabus (holding that a post direct appeal seeking to vacate a conviction on constitutional grounds is treated as a petition for postconviction relief); *see also State v. Ali*, 8th Dist. Cuyahoga No. 110624, 2021-Ohio-4303, ¶ 10. Under R.C. 2953.21(A), a person convicted of a criminal offense may petition the court to vacate

the judgment if the defendant alleges that the judgment is void or voidable. Postconviction relief is available for errors of constitutional dimension, i.e., errors that effectively deprived the trial court of jurisdiction to conviction the defendant. *State v. Perry*, 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104 (1967).

{¶ 10} Because Levy was convicted in 2002, and this court affirmed his convictions in his direct appeal in 2004, Levy's 2021 motion is untimely. *See* R.C. 2953.21(A)(2) (petition for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in a direct appeal). Moreover, Levy previously filed a petition for postconviction relief, making his current petition successive.

{¶ 11} If a petition is successive or untimely, a defendant may still seek relief pursuant to R.C. 2953.23(A) by (1) demonstrating that he was unavoidably prevented from discovering facts upon which his petition relies, or that his petition relies on the recognition of a new federal or state right recognized by the United States Supreme Court that retroactively applies to his situation; and (2) showing by clear and convincing evidence that, but for the constitutional error, no reasonable trier of fact would have found him guilty of the offense for which he was convicted.

{¶ 12} Typically, a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction relief petition. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 36. Moreover, a successive petition for postconviction relief is typically subject to the doctrine of res judicata.

{¶ 13} Levy does not allege or establish any of the requirements necessary to bring an untimely or successive petition for postconviction. Rather, he contends that his conviction is void because his waiver of counsel was deficient, thus depriving him of his constitutional right of counsel. The state contends that Levy's constitutional challenge would merely render his conviction voidable and thus, res judicata prevents him from this collateral attack because he could have raised the issue in a direct appeal. The state maintains that the Ohio Supreme Court's recent holdings in *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, prevent Levy from obtaining the relief he seeks. Levy contends that *Harper* and *Henderson* do not apply because deprivation of the right to counsel as guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, divests a court of jurisdiction and renders a conviction void.

{¶ 14} When the petitioner contends that the trial court lacked jurisdiction over his conviction, res judicata will not apply. A jurisdictional defect cannot be waived and may be raised at any time. *State ex rel Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998); *see also NDHMD, Inc. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 98004, 2012-Ohio-5508, ¶ 8. This is because "[i]f a court acts without jurisdiction, then any proclamation by that court is void." *Id.*, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988) (courts have inherent authority to vacate their own void judgments). Accordingly, because a void judgment is a nullity, it is open to collateral attack at any time. *Lingo v. State*, 138

Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46. Moreover, such attacks cannot be defeated by res judicata. *Id. See also State v. Wilson*, 73 Ohio St.3d 40, 45, 652 N.E.2d 196 (1995), fn. 6, (holding that res judicata does not bar a criminal defendant from challenging a trial court's subject matter jurisdiction in a petition for postconviction relief).

{¶ 15} In *Harper* and *Henderson*, the Supreme Court of Ohio realigned its precedent with the traditional understanding of what constitutes a void judgment. *Harper* at ¶ 4; *Henderson* at ¶ 34. The court did so to "restore predictability and finality to trial-court judgments and criminal sentences." *Henderson* at ¶ 33. As explained in *Henderson*, "[a] void judgment is rendered by a court without jurisdiction. * * * A voidable judgment is one pronounced by a court with jurisdiction." *Id.* at ¶ 17. If a judgment is void, "[i]t is a mere nullity and can be disregarded" and "[i]t can be attacked in collateral proceedings." *Id.*, citing *Tari v. State*, 117 Ohio St. 481, 494, 159 N.E. 594 (1927).

{¶ 16} In *Harper*, the Supreme Court of Ohio returned to the traditional view and held that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *Id.* at ¶ 4. In *Henderson*, the court recognized that *Harper* involved the imposition of postrelease control and was not a case in which a trial court deviated from a statutory mandate. *Henderson* at ¶ 27. The court made clear "that sentences

based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term" and that "[a] sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Henderson* at *id.* Accordingly, it would appear that *Harper* and *Henderson* could deny Levy relief from his conviction because the trial court had subject matter jurisdiction over his felony charges and personal jurisdiction over him.

{¶ 17} However, in *Ogle,* 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, the Ohio Supreme Court applied *Henderson* and addressed what constitutes a void sentence in the context of the Sixth Amendment right to counsel. After an unsuccessful direct appeal, Ogle filed a complaint for writs of prohibition and mandamus as a means to void her conviction, contending that the trial judge had no jurisdiction to conduct a sentencing hearing because she did not waive her right to trial counsel. The appellate court dismissed her writ of prohibition, deciding that the trial judge had general jurisdiction over Ogle's felony case; the court also dismissed her writ of mandamus, finding that she had an adequate remedy by way of a direct appeal to assert her right-to-counsel claim.

{¶ 18} The Ohio Supreme Court reversed the appellate court decision, finding that Ogle pleaded "a colorable claim that [the trial judge] violated her Sixth Amendment [right to counsel] when [the judge] ordered her to not communicate with any lawyer and then sentenced her and that this error rendered the sentencing

entry void." *Id*. at ¶ 19. In holding that a violation of the Sixth Amendment right to counsel renders a conviction void, the *Ogle* Court adhered to the decision of the Supreme Court of the United States decision in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), which declared a Sixth Amendment right-to-counsel violation results in a court's loss of jurisdiction and renders an associated conviction void. *Ogle* at ¶ 12-13; *see also Custis v. United States*, 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding a violation of the Sixth Amendment right to counsel is the sole exception to the general rule against collateral attacks upon state convictions).

{¶ 19} According to the *Ogle* Court, a Sixth Amendment violation renders an associated conviction void — meaning the trial court lacked jurisdiction over the subject matter of the case or personal jurisdiction over the accused. *Ogle* at ¶ 12-14; *see also State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, ¶ 17 (stating the same). And when a court lacks subject matter jurisdiction, the issue of jurisdiction cannot be waived or forfeited and may be asserted at any time. *See State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10. Accordingly, *Harper* and *Henderson* would not bar Levy relief.

{¶ 20} We recognize that the Ohio Supreme Court decided *Ogle* when reviewing a writ proceeding where the issue was whether the petitioner made a "colorable claim" for relief. And although it would seem that Ogle would not be precluded under *Harper* and *Henderson* from raising deprivation of trial counsel in a postconviction collateral attack, the Supreme Court did not address what effect

*Harper* and *Henderson* would have on the merits of Ogle's complaint for writs of prohibition and mandamus. Interestingly, the court even stated that res judicata may be a defense that the trial judge could raise. *See Ogle* at ¶ 15. This statement appears to be contradictory to the court's holding that when a defendant is deprived of the right to counsel, the trial court loses jurisdiction, rendering a conviction void — res judicata does not apply to void judgments.

{¶ 21} The dissent in *Ogle* focused on the majority's characterization of "jurisdiction" in the *Zerbst* context, finding that the evolution of case law demonstrates that *Zerbst's* use of the term "jurisdiction" was not based on subject-matter jurisdiction, but rather the generic term of "jurisdiction." The dissent concluded that denying an accused the assistance of counsel is not a jurisdictional error but a structural error. *Id.* at ¶ 34 (Kennedy, [C.]J., dissenting). "The trial court, then, was the proper forum to sentence Ogle for committing a felony, and consideration of whether the court denied her the assistance of counsel addressed the rights of the parties, not the adjudicatory power of the court." *Id.* at ¶ 38 (Kennedy, [C].J., dissenting.) According to the dissent, *Harper* and *Henderson* would bar Ogle from relief because her argument challenging a right to counsel would render her conviction voidable, not void, and thus, subject to res judicata.

{¶ 22} From the outside looking in, the majority in *Ogle* appears to have only decided the issue presented — whether Ogle presented a colorable claim that would defeat a Civ.R. 12(B)(6) motion to dismiss on a writ of prohibition or met the criteria for mandamus. However, it cannot be overlooked that the *Ogle* Court appears to

have concluded that a trial court depriving a defendant of trial counsel causes the trial court to lose jurisdiction and thus, renders any subsequent conviction void. Accordingly, in light of the *Ogle* decision, we conclude that neither *Harper* nor *Henderson* would preclude Levy relief if his waiver of counsel is deemed to be invalid.

## III. Denial of Counsel is Structural Error

{¶ 23} A criminal defendant's right to counsel is guaranteed under the Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution. Correlative to this right is the criminal defendant's right to represent himself. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 23; *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 9 (a defendant has a constitutional right to self-representation). Denial of either of these rights may result in structural error, warranting per se reversal. *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 18; *Weaver v. Massachusetts*, __U.S. __, 137 S.Ct. 1899, 1907-1908, 198 L.Ed.2d 420 (2017); *United States v. Davila*, 569 U.S. 597, 611, 133 S.Ct. 2139, 186 L.Ed.2d 139 (2013) (Structural error has been recognized only in limited circumstances involving fundamental constitutional rights, including the denial of counsel to an indigent defendant, the denial of counsel of choice, and the denial of self-representation at trial.).

{¶ 24} In this case, Levy maintains that he never properly waived his right to counsel. Accordingly, he contends that that he was deprived of his constitutional right to counsel.

{¶ 25} A criminal defendant may waive his or her Sixth Amendment right to counsel so long as the waiver occurs knowingly, intelligently, and voluntarily. *State v. Gibson*, 45 Ohio St. 2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus citing *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (the choice to relinquish counsel should be made with "eyes open"); *Martin* at ¶ 24 (noting that criminal defendants have a constitutional right to self-representation and may do so when done voluntarily, knowingly, and intelligently).

{¶ 26} Crim.R. 44 sets forth the procedure for waiver of counsel in cases of "serious offenses," which includes felonies. *See* Crim.R. 2(C)). Crim.R. 44(A) explains that a defendant is entitled to counsel in serious-offense cases, unless after being advised of the right, the defendant knowingly, intelligently, and voluntarily waives it. Additionally, Crim.R. 44(C) requires that the waiver "shall be in open court * * *. In addition, in serious offense cases the waiver shall be in writing."

{¶ 27} The writing requirement of Crim.R. 44(C) is not constitutionally required, however, and thus reviewing courts will uphold waivers so long as the trial court "substantially complies" with the requirements of Crim.R. 44(A), ensuring an appropriate waiver of the right to counsel. *Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, at ¶ 39 ("[T]he trial court must demonstrate substantial compliance with Crim.R. 44(A) by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel.").

{¶ 28} Substantial compliance with Crim.R. 44(A) has been found where the trial court undertakes a sufficient inquiry into whether the defendant fully understood and intelligently relinquished the right to counsel. *Martin* at ¶ 39. This requires that the trial court "adequately explain the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses, mitigation, or other facts essential to a broad understanding of the whole matter." *Id.* at ¶ 43, citing *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948); *State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976); *see also Hedge*, 8th Dist. Cuyahoga No. 110473, 2022-Ohio-464, ¶ 8.

{¶ 29} In this case, Levy repeatedly asserted that he wished to proceed pro se, did not want trial counsel, and never objected to not having counsel. (Tr. 5-23.) He did not, however, execute a written waiver of counsel in accordance with Crim.R. 44. But the record demonstrates that the trial court advised Levy that if he wished to proceed without counsel, he would not receive any special consideration during trial, including with respect to his understanding of trial procedures and the Rules of Evidence. (Tr. 19-20.) The court explained to Levy certain Crim.R. 11 rights before he executed his waiver of speedy trial: that he had a presumption of innocence, the state bore the burden of proof, right to have a jury trial, question witnesses, compulsory process, and right not to testify. The court also cautioned Levy that by acting as his own attorney, the jury could form impressions about him during this activity. Nevertheless, although the trial court gave Levy these advisements, we find that it did not engage in a complete colloquy, as set forth in

*Martin*, by explaining the nature of the charges, the statutory offenses included within them, or the range of allowable punishments. Accordingly, this court could find that the trial court committed structural error by failing to ensure that Levy made a knowing, intelligent, and voluntary waiver of counsel.

{¶ 30} In 2006, the Northern District of Ohio considered whether Levy made a knowing, intelligent, and voluntary wavier of counsel when it considered his petition for writ of habeas corpus. *See Levy*, N.D.Ohio No. 1:06-CV-237, 2008 U.S. Dist. LEXIS 8726 (Feb. 6, 2008). Among his five grounds for relief, Levy contended in his second ground that he "was denied the right to counsel in violation of the Fifth, Sixth, and Fourteenth Amendments where [he] was not informed of the nature and consequences of the crimes charged so as to enable him to make an informed decision" regarding his waiver of trial counsel. In his first ground for relief, Levy asserted that his appellate counsel was ineffective for failing to raise whether Levy's waiver of counsel was knowing, intelligent, and voluntary.

{¶ 31} The federal court determined that Levy's arguments challenging his waiver of counsel lacked merit because Levy "was fully aware of the charges against him; his waiver of his right to counsel was made freely, unequivocally, and voluntarily." *Id*. at 13. The court reasoned:

> Levy had been represented by counsel in previous matters, therefore his familiarity with the criminal justice system belie any claim that he did not know the disadvantages of proceeding without counsel when he opted to do so. His utilization of pretrial procedures and preparation also illustrate that he had extensive knowledge of the criminal justice system. * * * [T]he record demonstrated that Levy clearly and unequivocally opted to represent himself.

*Id*. at 14.

{¶ 32} Although we are not bound by rulings on federal constitutional law made by a federal court other than the United States Supreme Court, this court is permitted to review this decision with some persuasive weight. *State v. Burnett*, 93 Ohio St.3d 419, 424, 755 N.E.2d 857 (2001); *State ex rel. Heller v. Miller*, 61 Ohio St. 2d 6, 8, 399 N.E.2d 66 (1980).

{¶ 33} We find the district court's decision cogent, and further find that based on the transcript of the proceedings, Levy waived his right to counsel. Prior to trial, Levy insisted that he proceed pro se for trial. In fact, despite having appointed counsel, he told the trial court that he had "been representing myself from the beginning pro se." (Tr. 7.) When the court inquired whether he needed his appointed counsel, Levy unequivocally said, "No. * * * Yeah, I'm sure, because I already got a pretty solid defense ready. I just need to get to a law library so I could put it together." (Tr. 8.) The court asked Levy's appointed counsel about the decision and counsel responded, "Other than that in speaking with Jermaine, he's indicated that he wants to represent himself. * * * I went over his opening statement and the voir dire of the jury." (Tr. 11.) The court found that no reason existed to believe that Levy was not competent to represent himself and then explained to Levy that no special privileges would be afforded to him merely because he was acting pro se. (Tr. 19-21.) Levy stated that he understood and wished to proceed pro se. Moreover, during the middle of trial and while discussing issuing subpoenas and the compulsory process, Levy told the court, "I am a pro se defendant. I did waive my

counsel, right to counsel, but I didn't waive my right to compulsory [process]." (Tr. at 639.) Based on the record before this court, the totality of the circumstances and statements reveal that Levy made a knowing, intelligent, and voluntary waiver of trial counsel.

{¶ 34} Even if this court were to find that Levy did not knowingly waive counsel, thus constituting structural error, he has failed to demonstrate that the error rises to the level of plain error that this court must correct. In *State v. West*, Slip Opinion No. 2022-Ohio-1556, the Ohio Supreme Court reiterated that "a structural error is a violation of the basic constitutional guarantees that define the framework of a criminal trial; it is not susceptible to harmless-error review but rather, when an objection has been raised in the trial court, is grounds for automatic reversal." *Id*. at ¶ 2, citing *State v. Jones*, 160 Ohio St.3d 314, 2020-Ohio-3051, 156 N.E.3d 872, ¶ 2, 20; *see also State v. Gray*, 8th Dist. Cuyahoga No. 106589, 2018-Ohio-3678, ¶ 30. "But when the accused fails to object to the error in the trial court, appellate courts apply the plain-error standard of review, shifting the burden to the accused to demonstrate that the error affected the trial's outcome." *West* at *id*, citing *Jones* at ¶ 17. In fact, the Ohio Supreme Court has consistently "'rejected the notion that there is any category of forfeited error that is not subject to the plain error rule's requirement of prejudicial effect on the outcome.'" *West* at *id.*, quoting *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 24, citing *Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 23.

{¶ 35} Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error and "intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *State v. Bailey*, Slip Opinion No. 2022-Ohio-4407, ¶ 8; *see also West* at ¶ 22, quoting *Rogers* at ¶ 23 (even if the error satisfies the three criteria to constitute plain error, courts retain discretion to correct the error). In *State v. Bond*, Slip Opinion No. 2022-Ohio-4150, the Ohio Supreme Court reminded reviewing courts that they have discretion to recognize plain error, even when a structural error occurs. "The final consideration in the plain-error analysis is whether correcting the error is required to prevent a manifest miscarriage of justice or whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See [United States v.] Olano*, 507 U.S. [725], at 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 [(1993)]; *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus." *Id*. at ¶ 35.

{¶ 36} In his emergency motion to vacate void judgment, Levy did not argue plain error. But in an argument raised for the first time on appeal, Levy asserts that he was prejudiced by the invalid waiver because he was unfamiliar with the potential penalty associated with the offenses. Despite this new argument, Levy has not demonstrated that he would not have proceeded without counsel had a valid waiver been executed or he had been thoroughly advised of the perils of self-representation. Accordingly, even reviewing for plain error, this is not the exceptional case where intervention by this court is required to prevent a manifest miscarriage of justice.

## IV. Conclusion

{¶ 37} Based on the foregoing, we find that the trial court did not err in denying Levy's emergency motion to vacate void judgment. His assignments of error are overruled.

{¶ 38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY J. BOYLE, J., CONCUR