[Cite as *State v. Sowell*, 2023-Ohio-3252.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                                        :

No. 112558

MARIOUS SOWELL,                     :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 14, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-485862-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

G. Michael Goins, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant, Marious Sowell, appeals a judgment denying his motion to vacate his sentence on a repeat-violent-offender ("RVO") specification. He claims the following errors:

1. The trial court erred in failing to issue a final, appealable order pursuant to the five-year enhancement sentence imposed upon the defendant-appellant for the RVO herein.

2. The trial court abused its discretion in denying defendant-appellant Sowell's motion to vacate sentence/judgment for failure to meet the statutory requirements pursuant to a final, appealable order.

Sowell's arguments involve a postconviction claim of voidable error that could only be considered in a direct appeal. We, therefore, affirm the trial court's judgment.

## I. Facts and Procedural History

**{¶ 2}** In August 2006, Sowell was charged with two counts of attempted murder, four counts of felonious assault, one count of aggravated burglary, two counts of having weapons while under disability, and one count of tampering with evidence. A jury found Sowell guilty of one count of aggravated burglary, one count of tampering with evidence, and two counts of having a weapon while under disability. Two counts of felonious assault were dismissed without prejudice, and Sowell was acquitted of the remaining charges.

**{¶ 3}** Sowell's aggravated-burglary conviction contained a repeat-violent-offender specification on which the trial court found Sowell guilty. Sowell appealed his convictions and sentence in a direct appeal, but he did not challenge the sentence imposed on the RVO specification. *See State v. Sowell*, 8th Dist. Cuyahoga No. 90732, 2008-Ohio-5875 ("*Sowell I*"). He argued instead that there was insufficient evidence on which the trial court could find him guilty of the specification. The indictment included a definition of RVO provided in a prior version of R.C. 2929.01(DD), and the indictment was never amended to reflect the language of the

current statute before Sowell was convicted. This court nevertheless found sufficient evidence to support the guilty finding on the RVO specification because Sowell stipulated to the fact of his prior 2001 conviction for aggravated robbery, which was a qualifying offense of violence for the specification. *Id*. at ¶ 50, 52.

{¶ 4} Following his direct appeal, Sowell filed numerous challenges to the sentence imposed on the RVO specification, all of which were denied. *See State v. Sowell*, 8th Dist. Cuyahoga No. 102752, 2015-Ohio-4770, ¶ 9-10 ("*Sowell II*") (motion to correct sentence on RVO specification denied); *State v. Sowell*, 8th Dist. Cuyahoga No. 104673, 2016-Ohio-8299 ("*Sowell III*") (motion to eliminate RVO specification denied); *State v. Sowell*, 8th Dist. Cuyahoga No. 107153, 2019-Ohio-701, ¶ 11 ("*Sowell IV*") (motion to remove unconstitutional RVO specification and request for new sentencing hearing denied).

{¶ 5} On March 23, 2023, Sowell filed yet another motion challenging his sentence on the RVO specification. This time he argued the sentencing entry fails to meet the requirements of a final, appealable order. The trial court denied the motion and this appeal followed.

## II. Law and Analysis

{¶ 6} In his first assignment of error, Sowell argues the sentencing entry is not a final, appealable order because the trial court failed to cite applicable statutes authorizing it to impose the sentence enhancement provided in the RVO specification. In the second assignment of error, he argues he was denied due process of law, the court's sentence on the RVO specification was "vindictive," and

the court failed to cite statutes authorizing the court to impose the sentence on the RVO specification. He argued in the trial court, as he does now on appeal, that the imposition of a five-year sentence on the RVO specification violated his constitutional right to due process of law.

{¶ 7} Sowell's motion to vacate his sentence on the RVO specification is a petition for postconviction relief under R.C. 2953.21(A)(1) because it (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of his convictions and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997); *State v. Bullitt*, 8th Dist. Cuyahoga No. 110985, 2022-Ohio-1591, ¶ 6; *see also State v. Ali*, 8th Dist. Cuyahoga No. 110624, 2021-Ohio-4303, ¶ 10.

{¶ 8} Sowell was convicted and sentenced in 2007, and this court affirmed his convictions and sentence in 2008. Therefore, his petition is untimely. *See* R.C. 2953.21(A)(2) (petition for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in a direct appeal). And because Sowell has previously filed motions challenging his sentence on the RVO specification, the current petition is successive.

{¶ 9} A trial court may not entertain untimely or successive petitions for postconviction relief unless the petitioner demonstrates that (1) he was "unavoidably prevented" from discovering the facts he relies on, or (2) subsequent to the 365-day deadline, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [his] situation, and the petition

asserts a claim based on that right." R.C. 2953.23(A)(1)(a). The petitioner must also show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which he was convicted * * *." R.C. 2953.23(A)(1)(b). Moreover, a successive petition for postconviction relief is usually barred by the doctrine of res judicata. *State v. Levy*, 8th Dist. Cuyahoga No. 111779, 2023-Ohio-818, ¶ 12.

{¶ 10} Ordinarily, an appellate court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. However, whether the trial court possessed subject-matter jurisdiction to entertain a petition for postconviction relief is a question of law subject to de novo review. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24. In a de novo review, we review the merits of the case independently, without any deference to the trial court. *Sosic v. Stephen Hovancsek & Assocs., Inc.*, 8th Dist. Cuyahoga No. 109993, 2021-Ohio-2592, ¶ 21.

{¶ 11} Sowell made no attempt to satisfy the requirements of R.C. 2953.23(A)(1). A petitioner's failure to satisfy the requirements of R.C. 2953.23(A) normally deprives a trial court of jurisdiction to consider the merits of an untimely or successive petition for postconviction relief. *Levy* at ¶ 12. However, Sowell contends that he was convicted of and sentenced on a "void RVO specification" and that, therefore, his sentence is void. (Appellant's brief at 2-3.) Sowell also correctly asserts that res judicata does not bar appellate review of void or illegal sentences. *Sowell*, 8th Dist. Cuyahoga No. 104673, 2016-Ohio-8299, at ¶ 9.

{¶ 12} Since Sowell's last appeal in 2019, the Ohio Supreme Court realigned its void-sentence jurisprudence with the traditional understanding of what constitutes a void judgment. *See State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 131 N.E.3d 248, ¶ 4; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 34. In *Henderson*, the court explained that "[a] void judgment is rendered by a court without jurisdiction." *Id.* at ¶ 17. If a judgment is void, "[i]t is a mere nullity and can be disregarded" and "[i]t can be attacked in collateral proceedings." *Id.*, citing *Tari v. State*, 117 Ohio St. 481, 494, 159 N.E. 594 (1927).

{¶ 13} Subject-matter jurisdiction refers to the court's constitutional or statutory power to adjudicate a case. *Harper* at ¶ 23. R.C. 2931.03 gives the common pleas courts original jurisdiction over "all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. This includes subject-matter jurisdiction over felony cases. *Henderson* at ¶ 35. Sowell's aggravated-burglary conviction with the attendant RVO specification is a felony offense. Therefore, the trial court had subject-matter jurisdiction to adjudicate this case.

{¶ 14} "Personal jurisdiction refers to the court's power to render a valid judgment against a particular individual." *Henderson* at ¶ 36. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Id.*, citing *Tari*, 117 Ohio St. 481, 159 N.E. 594. Sowell does not dispute that the trial court had personal jurisdiction to render a valid judgment against him.

{¶ 15} In *Henderson*, the Ohio Supreme Court held that "[i]f the court has jurisdiction over the case and the person, any sentence or judgment based on an error in the court's exercise of that jurisdiction is voidable." *Henderson* at ¶ 37. A trial court's judgment is only void if the court lacked personal or subject-matter jurisdiction. *Id.*; *Harper* at ¶ 42. Because the trial court had personal and subject-matter jurisdiction over Sowell, any error based on that jurisdiction is voidable rather than void. As previously stated, a voidable judgment may only be set aside if successfully challenged on direct appeal. *Harper* at ¶ 26.

{¶ 16} Still, Sowell argues the sentencing entry is not a final, appealable order because the trial court did not state its reasons for imposing sentence on the RVO specification and because it failed to cite statutory authority authorizing the court to impose the sentence on the specification. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6. However, we reviewed the sentencing entry in this case and determined it was a final, appealable order before rendering judgment in Sowell's prior appeals.

{¶ 17} Nevertheless, Sowell contends, without filing a transcript, that the record is silent as to what occurred at the sentencing hearing and that the trial court delayed, unreasonably, in pronouncing his sentence. Sowell also asserts that he was denied the opportunity to be heard at the sentencing and that the sentence on the RVO specification was "vindictive." These arguments could have been raised on

direct appeal. In *Henderson*, the court explained that "[t]he failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Henderson* at ¶ 17, citing *Tari*, 117 Ohio St. at 495, 159 N.E. 594 (1927). Thus, "[i]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Id.* at ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 18} After previously reviewing the sentencing entry in Sowell's prior appeals, we repeatedly determined that it is not void. *See Sowell II* at ¶ 10; *Sowell III* at ¶ 13; *Sowell IV* at ¶ 17. Any potential sentencing errors should have been raised on direct appeal and are now barred by res judicata. Therefore, the trial court properly overruled the motion to vacate his sentence.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
SEAN C. GALLAGHER, J., CONCUR