[Cite as *State v. Levy*, 2025-Ohio-1662.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                         No. 114653

    v.                                          :

JERMAINE LEVY,                          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:**  May 8, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-01-404892-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony Thomas Miranda, Assistant Prosecuting Attorney, *for appellee.*

WEB Norman Law, Inc. and William B. Norman, *for appellant.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} Defendant-appellant, Jermaine Levy ("Levy"), appeals the trial court's denial of his motion to correct an alleged clerical error in a sentencing entry filed on

February 27, 2002.  Because we find that Levy's argument is barred by res judicata, we affirm the trial court's decision.

## I.    Facts and Procedural History

{¶ 2} This is not the first appeal stemming from Levy's 2002 conviction.  In *State v. Levy*, 2023-Ohio-818, ¶ 2-5 (8th Dist.), this court set forth the following procedural background:

> In 2002, a jury found Levy, who acted as his own trial counsel, guilty of escape, a second-degree felony, and forgery, a fifth-degree felony.  The trial court sentenced him to three years in prison, to be served consecutively to other previously imposed prison sentences.[1]  Levy, through a delayed appeal, challenged his convictions, raising six assignments of error. . . .  *State v. Levy*, 8th Dist. Cuyahoga No. 83114, 2004-Ohio-4489, ¶ 1-8.[2]  This court overruled his assignments of error and affirmed his convictions.  *Id.*[3]
>
> Subsequently in 2005, Levy, pro se, filed a delayed application to reopen his appeal pursuant to App.R. 26(B), and in 2006 filed an amended application. This court denied the applications without opinion.  The Ohio Supreme Court declined jurisdiction and dismissed the appeal.  *State v. Levy*, 109 Ohio St.3d 1458, 2006-Ohio-2226, 847 N.E.2d 9.
>
> In 2008, the United States District Court for the Northern District of Ohio dismissed Levy's petition for writ of habeas corpus, finding that he failed to make a substantial showing of a denial of a constitutional right directly related to his conviction or custody.  *See Levy v. Ohio*, N.D.Ohio No. 1:06-CV-237, 2008 U.S. Dist. LEXIS 8726 (Feb. 6, 2008). . . . .
>
> In June 2022, Levy filed an emergency motion to vacate void judgment contending that his convictions were void because he was deprived of his constitutional right to counsel, predicated on an invalid waiver of counsel.  The State opposed the motion, contending that the Ohio Supreme Court's recent holdings in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, did not afford Levy relief from his conviction because (1) a denial of counsel renders a conviction voidable, and (2) res judicata prevented Levy from this

challenge because he could have raised this issue in his direct appeal. The trial court summarily denied Levy's motion.

_____

1. At the time, Levy was serving a 20-year sentence imposed in Cuyahoga No. CR-00-387402 and an aggregate sentence of 240 months in federal prison.

2. While his motion for a delayed appeal was pending, Levy, pro se, filed a petition for postconviction relief contending that he received ineffective assistance of appellate counsel because counsel failed to timely file a direct appeal. The trial court found that the issues relating to appellate counsel were not cognizable in postconviction proceedings but ultimately found the petition moot because Levy's appeal was accepted and he had new appellate counsel.

3. After the Ohio Supreme Court allowed Levy to file a delayed appeal of this court's decision, the court dismissed the case for want of prosecution. *State v. Levy*, 105 Ohio St.3d 1468 2005-Ohio-1254, 824 N.E. 2d 538. His subsequent attempt to appeal this court's decision was unsuccessful. *See State v. Levy*, 108 OhioSt.3d 1485, 2006-Ohio-962843 N.E. 2d 792 (motion for leave to file delayed appeal denied).

(Footnotes in original.) This court ultimately affirmed the trial court's decision finding that "even if Levy were permitted to assert this challenge twenty years after his conviction, and even if he demonstrated that his constitutional right to counsel was violated, he has not established that this violation rose to the level of a plain error that this court must correct." *Id*. at ¶ 8.

{¶ 3} Three months later, Levy filed a motion to correct a clerical error in the sentencing entry filed on February 27, 2002. Levy claimed that the entry "erroneously state[d] that a sentence of postrelease control was imposed" because he "completed the sentence" and "the sentencing minutes demonstrate[d] that this portion of the entry [wa]s false." (Motion to Correct Clerical Error, June 15, 2023.) The State opposed the motion, arguing that Levy was not seeking correction of a mere clerical error subject to revision via nunc pro tunc entry; rather, Levy was

asserting a new, substantive, legal argument that could have been raised on direct appeal and was barred by res judicata. The trial court agreed with the State and denied Levy's motion, finding that "[t]he motion is barred by the doctrine of res judicata." (Journal Entry, Nov. 13, 2024.)

{¶ 4} Levy appeals, raising a single assignment of error for review:

> The trial court abused its discretion by applying res judicata to deny review of [a] clerical error which resulted in enforcement of a sentence not imposed.

## II. Law and Analysis

{¶ 5} In his sole assignment of error, Levy argues that res judicata does not bar review and correction of the 2002 sentencing entry because the entry contained a "clerical error" imposing postrelease control absent discussion or imposition in open court at the sentencing hearing. The State counters that Levy's challenge is barred by res judicata.[1]

{¶ 6} As an initial matter, we address Levy's contention that the trial court's imposition of postrelease control is a "clerical error" subject to correction under Crim.R. 36. "[C]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Crim.R. 36. Thus, errors subject to correction under Crim.R. 36 are limited to clerical errors, mistakes, or omissions that are mechanical in nature

---

[1] The State also argues that because Levy filed an appeal pursuant to App.R. 9(A), without including transcripts of the sentencing proceedings, we must presume regularity and affirm the trial court's judgment. Since the application of res judicata disposes of Levy's assignment of error, we decline to address this counterargument.

and apparent on the record and do not involve a legal decision or judgment. *State v. Lester*, 2011-Ohio-5204, ¶ 18, citing *State v. Miller*, 2010-Ohio-5705, ¶ 15. Contrary to Levy's characterization, errors in imposing postrelease control are not "clerical mistakes" or "errors in the record arising from oversight or omission." Rather, a challenge arising from a trial court's erroneous imposition of postrelease control is a collateral attack on a defendant's sentence and subject to the doctrine of res judicata. *See, e.g., State v. Bates*, 2022-Ohio-475.

{¶ 7} "Res judicata bars a defendant from appealing a final judgment of conviction when the defendant, who was represented by counsel, failed to raise or litigate 'any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, . . . or on appeal from that judgment.'" *Cleveland v. Southwest Invests. LLC*, 2024-Ohio-1271, ¶ 14 (8th Dist.), quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996). The applicability of the doctrine is premised on whether a judgment is void or voidable: a void judgment can be challenged at any time, but a "merely voidable" judgment is subject to res judicata. *Harper*, 2020-Ohio-2913 at ¶ 18.

{¶ 8} In *Harper*, the Ohio Supreme Court "realigned [its] jurisprudence with the traditional understanding of void and voidable sentences," holding that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42-43. *Henderson*, 2020-Ohio-4784, ¶ 1, followed *Harper*'s lead and took "the next and final step toward a return to that traditional understanding." In *Henderson*, the Ohio

Supreme Court explained that, so long as a sentencing court has jurisdiction over the subject matter of the case or personal jurisdiction over the accused, sentences based on an error are voidable and have the force of a valid legal judgment, regardless of whether they are right or wrong, unless they are vacated on appeal. *Id.* at ¶ 17, 27. The *Henderson* Court concluded that res judicata applies when a party fails to directly appeal a voidable judgment and bars untimely challenges, holding that "[t]he failure to timely — at the earliest available opportunity — assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Id.* at ¶ 17.

{¶ 9} Notably, from the onset of this jurisprudential realignment, the Ohio Supreme Court specifically applied its traditional understanding of void and voidable judgments to cases involving the imposition of postrelease control. The *Harper* Court stated, "When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged *on direct appeal.*" (Emphasis added.) *Harper* at ¶ 4; *Bates,* 2022-Ohio-475 at ¶ 32 ("An attack on a trial court's imposition of postrelease control in a sentence must be brought on direct appeal or it will be barred by res judicata."); *State v. Brooks*, 2020-Ohio-3286, ¶ 8 (8th Dist.) (explaining *Harper*'s holding that a trial court's failure to properly impose postrelease control renders a sentence voidable, not void, and therefore not subject to collateral attack).

{¶ 10} Here, Levy does not establish how the alleged error, "which results in enforcement of a sentence not imposed," is merely "clerical" in nature or why the doctrine of res judicata is otherwise inapplicable. Levy does not claim that the trial court lacked subject-matter jurisdiction or that he was improperly before the court. Nor does Levy assert that the judgment was void, as opposed to merely voidable. Nonetheless, Levy contends that "a grave miscarriage of justice" would occur if res judicata denies review to correct the trial court's "clerical error." Levy does not cite any authority directly supporting his conclusion.[2]

{¶ 11} Since the case was within the trial court's subject-matter jurisdiction and Levy was properly before the court, any error in the imposition of postrelease control renders the trial court's judgment voidable and subject to res judicata pursuant to *Harper*. Our review of the record and procedural background reveals an extensive appellate history following Levy's 2002 conviction. At no time, including in his direct appeal, did Levy object to or challenge the trial court's imposition of postrelease control in the 2002 sentencing entry. Now, over 20 years later, Levy raises a new collateral attack on his sentence that could have been raised at the time of his direct appeal. Under *Henderson*, Levy's failure to timely assert the

---

[2] Levy cites a single case in his appellate brief: *State v. Lugo*, 2016-Ohio-2647 (8th Dist.). There, the defendant filed a direct appeal after the trial court imposed court costs in its sentencing entry after specifically waiving the costs during the sentencing hearing. *Id.* at ¶ 1. This court determined that the inconsistency amounted to a clerical error that could be corrected via nunc pro tunc entry. *Id.* at ¶ 3-4. Thus, *Lugo* has no bearing on our analysis of the instant appeal. As discussed herein, Levy's challenge to the trial court's imposition of postrelease control amounts to a collateral attack on his sentence, an issue that was not raised in his direct appeal.

alleged error, which would render the judgment voidable, amounts to the forfeiture of that objection. Thus, the trial court properly determined that any argument challenging the imposition of postrelease control is barred by res judicata.

{¶ 12} Accordingly, Levy's assignment of error is overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EMANUELLA D. GROVES, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR