[Cite as *State v. Sowell*, 2026-Ohio-455.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                             No. 115120

v.                                      :

MARIOUS SOWELL,                         :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 12, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-485862-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chauncey Keller, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Marious Sowell raises one assignment of error on appeal: "The trial court abused its discretion in denying Mr. Sowell's motion to

terminate void postrelease control supervision." After a thorough review of the law and the facts, we affirm.

## I. Background

{¶ 2} In 2007, Sowell was convicted after a jury trial of one count of aggravated burglary with a repeat-violent-offender ("RVO") specification, one count of tampering with evidence, and two counts of having weapons while under disability. The trial court sentenced him to 18 years in prison with five years of postrelease control. Sowell filed a direct appeal but did not challenge the imposition of postrelease control. This court affirmed his convictions. *See State v. Sowell*, 2008-Ohio-5875 (8th Dist.) ("*Sowell I*").

{¶ 3} Following his direct appeal, Sowell filed numerous challenges to the sentence imposed on his conviction for the RVO specification, all of which were denied. *See State v. Sowell*, 2015-Ohio-4770 (8th Dist.) ("*Sowell II*") (motion to correct sentence on RVO specification denied); *State v. Sowell*, 2016-Ohio-8299 (8th Dist.) ("*Sowell III*") (motion to eliminate RVO specification denied); *State v. Sowell*, 2019-Ohio-701 (8th Dist.) ("*Sowell IV*") (motion to remove unconstitutional RVO specification and request for new sentencing hearing denied); *State v. Sowell*, 2023-Ohio-3252 (8th Dist.) ("*Sowell V*") (motion to vacate RVO specification based on the sentencing entry not meeting the requirements of a final, appealable order denied). In *Sowell V*, this court stated that "[a]fter previously reviewing the sentencing entry in Sowell's prior appeals, we repeatedly determined that it is not

void" and that "[a]ny potential sentencing errors should have been raised on direct appeal and are now barred by res judicata." *Id.* at ¶ 18.

{¶ 4} Sowell was released from prison in April 2025. That same month, he filed a motion to terminate postrelease control, which the trial court denied. Sowell has now filed his sixth appeal, this time challenging his postrelease control.

## II. Law and Analysis

{¶ 5} In his sole assignment of error, Sowell argues that his sentence is void because the trial court did not properly impose postrelease control. Sowell asks that the case be remanded to the trial court with instructions to release him from postrelease control.

{¶ 6} "[A] challenge arising from a trial court's erroneous imposition of postrelease control is a collateral attack on a defendant's sentence and subject to the doctrine of res judicata." *State v. Levy*, 2025-Ohio-1662, ¶ 6 (8th Dist.). Res judicata bars a defendant from appealing a final judgment of conviction when the defendant failed to raise the issue at trial or on direct appeal from that judgment. *See Levy* at ¶ 7. The applicability of the doctrine is premised on whether a judgment is void or voidable: a void judgment can be challenged at any time, but a "merely voidable" judgment is subject to res judicata. *State v. Harper*, 2020-Ohio-2913, ¶ 18.

{¶ 7} In *State v. Henderson*, 2020-Ohio-4784, the Ohio Supreme Court held that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence

has jurisdiction over the case and the defendant." *Id.* at ¶ 1.[1] If the error rendered the defendant's conviction voidable, as opposed to void, the error cannot be corrected through a postconviction proceeding or through any other form of collateral attack. *State v. Stewart*, 2020-Ohio-6743, ¶ 5 (8th Dist.), citing *Henderson* at ¶ 43. A voidable judgment must be challenged on direct appeal. *Harper* at ¶ 26. "[T]he failure to timely . . . assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Henderson* at ¶ 17.

{¶ 8} Sowell did not object to or challenge the trial court's imposition of postrelease control during the trial court proceedings or on direct appeal. Now, over 18 years later, Sowell raises a new collateral attack on his sentence that could have been raised in his direct appeal. Sowell's failure to timely assert the alleged error amounts to the forfeiture of that objection. Thus, the trial court properly denied Sowell's motion to terminate postrelease control.

{¶ 9} The sole assignment of error is overruled.

{¶ 10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[1] Sowell does not challenge the trial court's jurisdiction. Although Sowell has completed his prison sentence, he remains under the jurisdiction of the trial court because he is on postrelease control.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, A.J., and
EILEEN T. GALLAGHER, J., CONCUR